IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt, | ) C/A No. 8:15-5105-TMC-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Andre Bowman ~~and Maurice Davis~~, | ) |
| Defendants. | ) |

This matter is before the Court because Plaintiff has failed to respond to this Court's March 17, 2016, Order pertaining to the unexecuted service of process on Defendant Andre Bowman. In that Order, this Court instructed Plaintiff to attempt to obtain Andre Bowman's forwarding address; if Plaintiff was unsuccessful, he was to promptly request assistance from the Court to obtain the address if he desires to continue this case. [Doc. 19.] This Court further instructed the Plaintiff that if he "cannot obtain a new updated address for Andre Bowman, Plaintiff must notify the Court in writing whether (1) he agrees to dismiss that defendant without prejudice *or* (2) whether he seeks additional time for service of process with supporting reasons for such a request *or* (3) whether he seeks the Court's assistance to obtain the address." [*Id.*] Plaintiff was warned that if he did not respond to the Order and/or did not provide a new summons form and Form USM-285 for Andre Bowman with a new updated address for the unserved defendant, this Court may recommend that Andre Bowman—the only remaining Defendant—be dismissed without prejudice. [*Id.*]

Plaintiff did not respond in any way to the March 17, 2016, Order, and the time for response has passed. Thus, Plaintiff has failed to prosecute this case and has failed to

comply with an order of this Court. Because Andre Bowman is the only remaining Defendant, it is recommended that this case be **dismissed *without prejudice*** pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). **Plaintiff's attention is directed to the important notice on the next page.**

May 2, 2016  S/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).